UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DEBORAH ANN PRUE,                    )
                                     ) No. CV-08-00308-JPH
          Plaintiff,                 )
                                     ) ORDER GRANTING PLAINTIFF'S
v.                                   ) MOTION FOR SUMMARY JUDGMENT
                                     ) AND REMANDING FOR FURTHER
MICHAEL J. ASTRUE, Commissioner      ) ADMINISTRATIVE PROCEEDINGS
of Social Security,                  )
                                     )
          Defendant.                 )
                                     )
                                     )
_____    )

     BEFORE THE COURT are cross-motions for summary judgment noted

for hearing without oral argument on April 24, 2009. (Ct. Rec.

13, 16).  Attorney Lora Lee Stover represents Plaintiff; Special

Assistant United States Attorney Franco L. Becia represents the

Commissioner of Social Security ("Commissioner").  The parties

have consented to proceed before a magistrate judge. (Ct. Rec. 6.)

After reviewing the administrative record and the briefs filed by

the parties, the court **GRANTS** Plaintiff's Motion for Summary

Judgment (Ct. Rec. 13), **DENIES** Defendant's Motion for Summary

Judgment (Ct. Rec. 16), and REMANDS for further proceedings.

**JURISDICTION**

     Plaintiff protectively filed applications for SSI benefits

and Title II benefits on August 31, 2004, alleging onset as of

October 21, 2003.  (Tr. 23, 88-91.)  The applications were denied initially and on reconsideration. (Tr. 81-82, 85-87, 587-588, 590-593.)  Administrative Law Judge (ALJ) R. J. Payne held a hearing on April 26, 2007. (Tr. 610-622.)  Plaintiff, who had lost contact with counsel, did not appear.  Plaintiff's counsel appeared and expert psychologist Allen Bostwick, Ph.D., testified.  (Tr. 608-622.)  At a supplemental hearing on September 24, 2007, plaintiff and vocational expert Sharon Welter testified.  (Tr. 625-669.)  On November 7, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (Tr. 20-33.)  The Appeals Council denied a request for review on August 19, 2008. (Tr. 5-9.)  Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on October 7, 2008. (Ct. Rec. 2,4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 26 years old at the time of the supplemental hearing and has a high school education.  (Tr. 108, 629.)  She has worked as a telephone solicitor, fast food worker, ward attendant, kitchen helper, short order cook, home attendant, and janitor. (Tr. 103, 115, 657-658.) Plaintiff's applications alleged disability as of October 21, 2003, due to PTSD, borderline personality disorder, dissociative disorder, and major depression. (Tr. 80, 85.)  Plaintiff's request for reconsideration alleges

disability due to severe mental health problems including extreme depression, bipolar disorder, PTSD, and borderline personality disorder. (Tr. 83.)

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii),

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 3 -

1  416.920(a)(4)(ii).

2      If plaintiff does not have a severe impairment or combination

3  of impairments, the disability claim is denied.  If the impairment

4  is severe, the evaluation proceeds to the third step, which

5  compares plaintiff's impairment with a number of listed

6  impairments acknowledged by the Commissioner to be so severe as to

7  preclude substantial gainful activity.  20 C.F.R. §§

8  404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P

9  App. 1.  If the impairment meets or equals one of the listed

10  impairments, plaintiff is conclusively presumed to be disabled.

11  If the impairment is not one conclusively presumed to be

12  disabling, the evaluation proceeds to the fourth step, which

13  determines whether the impairment prevents plaintiff from

14  performing work which was performed in the past.  If a plaintiff

15  is able to perform previous work, that Plaintiff is deemed not

16  disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

17  At this step, plaintiff's residual functional capacity ("RFC")

18  assessment is considered.  If plaintiff cannot perform this work,

19  the fifth and final step in the process determines whether

20  plaintiff is able to perform other work in the national economy in

21  view of plaintiff's residual functional capacity, age, education

22  and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

23  416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

24      The initial burden of proof rests upon plaintiff to establish

25  a *prima facie* case of entitlement to disability benefits.

26  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

27  *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 4 -

met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F. 3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C)and 1382a(3)(J); *Sousa v. Callahan*, 143 F. 3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether the DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold

the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602(9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 6 -

(9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the outset the ALJ found plaintiff was last insured through December 31, 2008, for purposes of her DIB claim.  (Tr. 23.)  The ALJ found at step one that plaintiff has engaged in substantial gainful activity since onset, returning to work in March of 2006 at SGA levels, but he went on to make alternative findings[1].  (Tr. 23.)  At steps two and three, the ALJ found plaintiff suffers from major depressive disorder, recurrent; borderline personality disorder; and substance addiction disorder (multiple substances), impairments that are severe but do not meet or medically equal a Listed impairment.  (Tr. 23, 27.)  The ALJ found plaintiff less than fully credible.  (Tr. 31-32.)  ALJ Payne assessed plaintiff's RFC, with DAA, which included moderate to marked limitations in the ability to interact appropriately with

---

[1]Presumably the ALJ went beyond step one because the question remained whether plaintiff was disabled from onset in October of 2003 until she returned to work in March of 2006.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 7 -

the public.  With DAA, he also  assessed the following moderate
limitations: the ability to understand and remember detailed
instructions; maintain attention and concentration for extended
periods; work in coordination with or proximity to others without
being distracted by them; get along with coworkers without
distracting them or exhibiting behavioral extremes; respond
appropriately to changes in the work setting; and set realistic
goals or make plans independently of others.  (Tr. 27.)  With DAA,
the ALJ assessed several mild to moderate limitations.  (Tr. 27-
28.)  At step four, relying on the VE, the ALJ found plaintiff
(with DAA) could not perform her past relevant work.  At step five
(with DAA), the ALJ relied on the VE and found plaintiff could not
make an adjustment to other work.  (Tr. 28-29.)  This resulted in
finding plaintiff disabled.

The ALJ then performed the requisite *Bustamante*[2] analysis and
considered plaintiff's limitations without DAA.  (Tr. 29-30.)  He
found the remaining limitations would cause more than a minimal
impact on her ability to perform basic work activities; therefore
plaintiff continued to have severe impairments.  (Tr. 29.)  At
step three the ALJ found that without DAA, plaintiff's impairments
did not meet or medically equal a Listing level impairment.  (Tr.
29-30.)  Without DAA, the ALJ assessed an RFC with moderate
limitations in the ability to interact appropriately with the
public and a mild to moderate limitation in the ability to accept
instruction from and respond appropriately to criticism from
supervisors.  (Tr. 30.)  At the alternative step four, the ALJ

[2]*Bustamante v. Massanari*, 262 F. 2d 949 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 8 -

found plaintiff could perform her past relevant work as a kitchen helper, short order cook, and janitor. (Tr. 32.)  Alternatively, the ALJ  found at step five, absent DAA, that plaintiff could work as a laborer, hand packager, cannery worker, sorter, sewing machine operator, and production assembler. (Tr. 32-33.)  The ALJ found DAA is a contributing factor material to the disability determination. (Tr. 33.)  The Act therefore bars payment of benefits.

### ISSUES

Plaintiff contends that the Commissioner erred as a matter of law when he determined credibility and weighed the medical evidence.  Specifically, plaintiff alleges the ALJ failed to properly assess (1) the opinion of testifying psychologist Allen Bostwick, Ph.D., and of treating psychologist Debra Brown, Ph.D.; (2) plaintiff's credibility; and (3) the effects of DAA. (Ct. Rec. 14 at 10-13.)

The Commissioner responds that the ALJ appropriately weighed the evidence and asks that the decision be affirmed. (Ct. Rec. 17 at 25.)

The first issue is dispositive.

### DISCUSSION

**A.  Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be

evaluated on the basis of a medically determinable impairment
which can be shown to be the cause of the symptoms. 20 C.F.R. §
416.929.  Once medical evidence of an underlying impairment has
been shown, medical findings are not required to support the
alleged severity of symptoms.  *Bunnell v. Sullivan*, 947, F. 2d
341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight
because of familiarity with the claimant and the claimant's
physical condition.  *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th
Cir. 1989).  However, the treating physician's opinion is not
"necessarily conclusive as to either a physical condition or the
ultimate issue of disability."  *Magallanes v. Bowen,* 881 F.2d 747,
751 (9th Cir. 1989) (citations omitted).  More weight is given to
a treating physician than an examining physician.  *Lester v.
Cater*, 81 F.3d 821, 830 (9th Cir. 1996).  Correspondingly, more
weight is given to the opinions of treating and examining
physicians than to nonexamining physicians.  *Benecke v. Barnhart*,
379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining
physician's opinions are not contradicted, they can be rejected
only with clear and convincing reasons.  *Lester*, 81 F. 3d at 830.
If contradicted, the ALJ may reject an opinion if he states
specific, legitimate reasons that are supported by substantial
evidence.  *See Flaten v. Secretary of Health and Human Serv.*, 44
F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical
advisor, the ALJ must have other evidence to support a decision to
reject the opinion of a treating physician, such as laboratory
test results, contrary reports from examining physicians, and

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                      - 10 -

testimony from the claimant that was inconsistent with the

treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747,

751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th

Cir. 1995).

Plaintiff contends that the ALJ erred when he weighed Dr.

Bostwick's opinion that plaintiff has zero to moderate limitations

in the ability to accept instructions and respond appropriately to

criticism from supervisors, when DAA is excluded.  The ALJ

seemingly accepted Dr. Bostwick's "zero to moderate limitation"

when he questioned the vocational expert:

> This individual would have a moderate limitation
> on ability to interact appropriately with the general
> public; and then, as far as – there would be a no
> significant limitation to a moderate limitation on
> ability to accept instructions and respond
> appropriately to criticism from supervisors; . . .

(Tr. 661.)

The VE attempted to clarify:

> Are we assuming the mild to moderate limitation
> on the ability to accept instructions and respond
> appropriately to criticism from supervisors is mild?

(Tr. 662.)

**ALJ**: Well, it's mild – it can be mild to moderate.  It, it,

it – he – the, the medical expert didn't really clarify that.

I guess it would depend on the circumstances of the, the

supervisor, what kind of supervisor that person had.

Generally, probably, would be okay.  If you've got the wrong

supervisor, it might rise to the moderate level.

**VE**: Um-hum.  Well, at which point it rises to the moderate

level, it would prevent any employment; but if we're saying

it fluctuates, it would reduce the number of jobs – that

1 would be available to this individual.
2 (Tr. 662. )

3      The VE went on to testify that "if it wasn't a difficult
4 supervisor," past relevant work as a kitchen helper, short order
5 cook and janitor could be performed. (Tr. 663.) At step five,
6 using the same RFC, the VE testified that a few of the other jobs
7 that could be performed include store laborer, hand packager, and
8 cannery worker. (Tr. 663-664.) On cross-examination, the VE
9 reiterated that a moderate restriction on the ability to accept
10 instructions and respond appropriately to criticism from a
11 supervisor *would preclude all work*. (Tr. 665.)(Emphasis added.)
12 She repeated the statement a third time. (Tr. 666.)

13      The ALJ is correct that Dr. Bostwick's opinion could be
14 clearer. On the written form, without DAA, Dr. Bostwick
15 assessed "no significant limitation to moderate limitation" in the
16 ability to accept instructions and respond appropriately to
17 criticism from supervisors. (Tr. 581.) He testified:

18          And 14, ability to accept instructions and respond
           appropriately to criticism from supervisors that's
19          really hard to evaluation [sic] because there's no
           reference of record that – I would say that that's
20          only mildly limited based on the record. Due to
           her fear of abandonment and sensitivity to rejection
21          and manipulating others to see how they feel about
           her, she might at times have a moderate difficulty
22          in that area. That pretty much depends on the
           relationship she would have with her supervisor,
23          I believe.

24 (Tr. 617.)

25      In his written decision, the ALJ described Dr. Bostwick's
26 testimony as "only mild to moderate limitations in her ability to
27 accept instruction and respond appropriately to criticism from
28 supervisors." (Tr. 617.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 12 -

It appears to the undersigned that Dr. Bostwick's somewhat vague opinion resulted in the ALJ giving the VE an unclear RFC; in turn, the VE's opinion at steps four and five are not fully supported by the record.  Alternatively, the VE's testimony can be construed as opining that there are no jobs a person with plaintiff's "moderate" limitations can perform, testimony rejected by the ALJ.  The error requires remand because it is not harmless.

Plaintiff's ability to work by 2006 does not address limitations after onset but prior to 2006.  The additional exhibit considered by the Appeals Council indicates plaintiff was not able to maintain employment.

The court expresses no opinion as to what the ultimate outcome on remand will or should be.  The fact-finder is free to give whatever weight to the evidence is deemed appropriate.  *See Sample v. Schweiker*, 694 F. 2d 639, 642 (9th Cir. 1982) ("Q)uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary.")

### CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED.**  The case is remanded for further administrative proceedings.

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 16 )** is **DENIED.**

1       The District Court Executive is directed to file this Order,

2   provide copies to counsel for Plaintiff and Defendant, enter

3   judgment in favor of Plaintiff, and **CLOSE** this file.

4       DATED this 14th day of April, 2009.

5                        s/ James P. Hutton

6                       JAMES P. HUTTON
                  UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 14 -